UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
ERIC SOTO,                                        :
                                                  :  **ORDER GRANTING**
                          Plaintiff,              :  **DEFENDANTS' MOTION**
                                                  :  **FOR PARTIAL SUMMARY**
            -against-                             :  **JUDGMENT**
                                                  :
FEDEX EXPRESS CORPORATION, and                    :  09 Civ. 365 (AKH)
FEDEX GROUND CORPORATION,                         :
                                                  :
                          Defendants.             :
-------------------------------------------------------------- x
ALVIN K. HELLERSTEIN, U.S.D.J.:

   In this case, Plaintiff Eric Soto, proceeding pro se, alleges that Defendants, properly known as Federal Express Corporation and FedEx Ground Package System, Inc. (together, "FedEx"), committed "theft and fraud and conspiracy" by obtaining false delivery receipt signatures for three letters sent by Plaintiff. Compl. ¶¶ 7-9. Plaintiff filed the complaint in New York Supreme Court on September 24, 2008, and Defendants removed the case to this court on January 14, 2009. On May 28, 2009, Defendants moved for partial summary judgment, arguing that Plaintiff's claims are either entirely preempted by federal law or limited to damages of $100 per letter. The motion is granted as to limitation of damages.

   Plaintiff alleges that he sent three letters to a "lady friend" in Riverdale, N.Y., the first two by FedEx Express on January 8, 2007 and October 4, 2007, and the third by FedEx Ground on May 7, 2008. Each time, he visited a FedEx location and paid for "direct signature" delivery, which allows anyone at the recipient's address to sign for delivery. Compl. ¶¶ 4-7; see Dickey Aff. Exh. F. Plaintiff viewed a signature receipt for each delivery, which appear to show the signatures of a doorman named "Martinez." See, e.g., Pl's Opp'n Exh. at 13. He alleges that none of the signatures is that of his lady friend, and that two of the signatures are dissimilar

1

despite representing the same name.  Compl. ¶¶ 7-8.  Therefore, Plaintiff alleges that he is certain that his lady friend did not receive the letters.  This failure, he claims, placed him in a "very unacceptable situation," in which he has been homeless for two years and suffered many physical and emotional hardships.  He seeks damages in the amount of $5,700,000.  Id. ¶¶ 9-13.

To succeed on a motion for summary judgment, the moving party must show that "there is no genuine issue as to any material fact and that [it] is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A "genuine issue" of "material fact" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The court must "resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment."  Roe v. City of Waterbury, 542 F.3d 31, 35 (2d Cir. 2008) (citations omitted).  In addition, the court must "construe the pleadings of a pro se plaintiff liberally and interpret them to raise the strongest arguments that they suggest."  Fuller v. Armstrong, 204 Fed. App'x 987, 988 (2d Cir. 2006).  However, "[m]ere speculation and conjecture is insufficient to preclude the granting of the motion."  Harlen Assocs. v. Vill. of Mineola, 273 F.3d 494, 499 (2d Cir. 2001).

"The liability of Federal Express and other federally certificated air carriers for loss attendant to goods in transit is governed exclusively by federal law."  Caporicci Footwear v. Fed. Express Corp., 894 F. Supp. 258, 260 (E.D. Va. 1995) (citing N. Am. Phillips Corp. v. Emery Air Freight Corp., 579 F.2d 229, 233-34 (2d Cir. 1978)).  Defendants argue that the Airline Deregulation Act of 1978, 49 U.S.C. § 41713, preempts Plaintiff's claims as to the first two letters, which Plaintiff casts in the language of tort.  See, e.g., Gemnet Express, Inc. v. Fed. Express Corp., 06 Civ. 2648 (DF), 2009 U.S. Dist. LEXIS 34910, at *11-*14 (S.D.N.Y. Mar. 30, 2009).  However, I find that Plaintiff's complaint may be interpreted to state a claim for breach

of contract. In his complaint, he states that he paid for, but did not receive, direct signatures on his letters, and also he appears to claim that Defendants' actions amounted to "theft and fraud and conspiracy," not instead of, but rather in addition to, mere "services not rendered." Compl. ¶¶ 7-8. The federal statute does not preempt breach of contract claims. See Am. Airlines, Inc. v. Wolens, 513 U.S. 219, 232-33 (1995); Feldman v. United Parcel Serv., Inc., 06 Civ. 2690 (MHD), 2008 U.S. Dist. LEXIS 30637, at *27-*34 (S.D.N.Y. Mar. 24, 2008); Breitling U.S.A. Inc. v. Fed. Express Corp., 45 F. Supp. 2d 179, 184-86 (S.D.N.Y. 1999). Plaintiff's claims as to the third letter, which he sent by FedEx Ground, are governed by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706(c)(1)(A), which permits carriers to limit their liability for loss of goods or other damages.

Therefore, I hold that the contracts of carriage, and their incorporated documents, properly govern Plaintiff's breach of contract claims. See N. Am. Phillips Corp., 579 F.2d at 233-34; Feldman, 2008 U.S. Dist. LEXIS 30637, at *58-*59. Both the contracts governing the FedEx Express letters and the contract governing the FedEx Ground letter limit Defendants' liability for any loss, damage, misdelivery, or nondelivery, to $100 per letter, unless Plaintiff declared and paid for a higher value. See Dickey Aff. Exhs. I at 126, 128, J at 134, 136, & K at ¶ 152. Plaintiff did not declare a value for any of his letters, id. Exhs. B, D, & G, and does not dispute his notice of the limitations or their applicability. Accordingly, I hold that there is no genuine issue of material fact as to the question of damages, and that Plaintiff is limited to the contractual amounts of $100 per letter, for a total of $300.

Accordingly, I grant the motion for partial summary judgment as to damages.

Upon searching the record, see Korea Life Ins. Co. v. Morgan Gaur. Trust Co. of N.Y., 269 F. Supp. 2d 424, 446 (S.D.N.Y. 2003), I determine that Plaintiff has offered no proofs

to sustain any claim for damages whatever, even in the amount of $300. Plaintiff may submit such proofs to support a claim for damages by August 17, 2009. If Plaintiff does not make an adequate showing, the case may be dismissed. I further hold that no costs are appropriate, in light of the disparity between the amount of damages claimed, $5,700,000, and the maximum amount of damages to which Plaintiff may be entitled, $300.

The Clerk shall mark the motion (Doc. #10) as terminated.

SO ORDERED.

Dated:   July 17, 2009
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge